## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **WILLIAM EARL BROWN-WRIGHT,** | § | |
| | § | |
| **V.** | § | **A-14-CV-546-LY** |
| | § | **(A-11-CR-618-LY)** |
| **UNITED STATES OF AMERICA.** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:    THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

Before the Court are Petitioner William Earl Brown-Wright's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Dkt. No. 40) and his Memorandum of Law in Support (Dkt. No. 41). The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

### I. GENERAL BACKGROUND

Petitioner William Earl Brown-Wright ("Wright"), Reg. No. 82230-280, is a federal prisoner incarcerated in the Bureau of Prisons ("BOP") at USP-Beaumont pursuant to a judgment and sentence in Criminal Case No. 1:11-CR-00618 in the United States District Court for the Western District of Texas. Wright is serving a 96-month term of imprisonment after he pled guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). *See* Dkt. No. 36, Judgment and Commitment. Wright was sentenced on February 28, 2012, pursuant to a Rule 11(c)(1)(C) plea agreement between Wright and the government. *Id.* at 2; *see also* Dkt. No. 30. Wright did not file

a notice of appeal in his case.  On June 11, 2014, Wright filed the instant Motion to Vacate his sentence pursuant to 28 U.S.C. § 2255.

## II.  ANALYSIS

In the instant § 2255 Motion, Wright alleges that in light of the Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), his sentence should be vacated and remanded for re-sentencing.  Wright contends that his § 2255 motion is timely filed because it was filed within one year of the Supreme Court's ruling in *Alleyne*.  After reviewing the relevant case law as well as Wright's arguments, the Court disagrees with Wright and concludes that his § 2255 motion has not been timely filed.

Wright's motion is time-barred under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Section 105 of the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for filing a § 2255 motion in federal court.  Since 1996, § 2255, amended by § 105(2) of the AEDPA, has provided as follows:

A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of–

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

When a defendant files a timely notice of appeal, a judgment of conviction becomes final for purposes of § 2255(f)(1) on the date of the Supreme Court's denial of a petition for writ of certiorari. *United States v. Thomas*, 203 F.3d 350, 355 (5th Cir. 2000).  However, "[w]hen a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires." *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012); *see also United States v. Plascencia*, 537 F.3d 385, 388 (5th Cir. 2008).  For criminal cases, "a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal." FED. R. APP. P. 4(b)(1)(A).[1]

As noted previously, Wright did not file a direct appeal in this case.  Thus, his conviction became final on Tuesday, March 13, 2012, 14 days after the Judgment and Commitment was entered in his criminal case.  *See* Dkt. No. 36.  Consequently, under the AEDPA, Wright was required to file a § 2255 motion on or before March 13, 2013.  Wright, however, did not file the instant § 2255 motion until June 11, 2014.  Wright has not alleged or produced any evidence or argument that the Government impeded or prevented him from filing his § 2255 petition prior to the end of the limitations period.

Instead, Wright's contention is that the Supreme Court's decision in *Alleyne v. United States*, — U.S.—, 133 S.Ct. 2151 (2013), not only warrants resentencing in his case, but also tolls his deadline for filing a § 2255 motion.  In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence for a crime is an "element" of the criminal offense that must be

---

[1] The deadline for filing a direct appeal in a federal criminal case was revised in 2009 and increased from 10 days to 14 days.  *See* FED. R. APP. P. 4(b)(1)(A), Advisory Committee Notes.

3

proven beyond a reasonable doubt by submission to the jury. *Id.* at 2155. Wright appears to be claiming that the increased mandatory minimum imposed on his firearm offense is now impermissible under *Alleyne* and violates the Fifth and Sixth Amendments of the U.S. Constitution because he was not given notice of the increase and the District Judge made the determination rather than a jury. The Supreme Court, however, has not declared *Alleyne* to be retroactively applicable on collateral review. The Fifth Circuit has specifically held *Alleyne* does not apply retroactively to challenges to sentences on collateral review. *See In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013). The Supreme Court has unequivocally stated "a new rule is not made retroactive to cases on collateral review unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S. 656, 663 (2001). Accordingly, *Alleyne* does not toll the statute of limitations in this case and, therefore, Wright's § 2255 Motion is time-barred.[2]

## III. RECOMMENDATION

In accordance with the preceding discussion, the undersigned **RECOMMENDS** that the District Court **DISMISS WITH PREJUDICE** William Earl Brown Wright's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. No. 40) as time-barred under the AEDPA.

---

[2] Wright states that he would like to join a case currently pending in the Ninth Circuit, *Hughes v. United States*, No. 13-73278 (9th Cir. filed Sept. 19, 2013), which is allegedly considering the question of whether the Supreme Court's decision in *Alleyne* is to be applied retroactively. However, even assuming that the Ninth Circuit concludes that *Alleyne* does apply retroactively, such a decision would have no bearing on Wright's case as the Fifth Circuit has already decided that *Alleyne* does not apply retroactively to challenges to sentences on collateral review. *See In re Kemper*, 735 F.3d at 212.

## IV.  WARNING

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).  A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

In this case, reasonable jurists could not debate the dismissal of Wright's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 17th day of July, 2014.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE